**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YUNIELL MICHELL GUERRA FONSECA,<br><br>                                    Petitioner,<br><br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et. al.,<br><br>                                    Respondents. | Case No.:  26-cv-2496-BJC-BJW<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR IMMEDIATE RELEASE AS MOOT**<br><br>**[ECF Nos. 1, 3]** |

On April 20, 2026, Petitioner Yuniell Michell Guerra Fonseca, a citizen of Cuba, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, and filed an amended petition on May 8, 2026.  ECF Nos. 1, 9.   He asserts he arrived in the United States in 2022 to seek asylum, and he was allowed to enter the country, live in the community and receive a work permit. ECF No. 9 at 1-2.  He further asserts he was arrested on March 1, 2026, without explanation, when he was driving a delivery truck from Arizona to California. *Id*. at 3.  He remains detained at the Imperial Regional Detention Center. *Id*. He contends Immigration and Customs Enforcement failed to comply with its own regulations and the Administrative Procedures Act when they revoked his parole, and the Due Process Clause required notice and a chance to be heard before parole was revoked.

*Id*. 3-8

Respondents filed a return on May 13, 2026, in which they argue Petitioner is subject to mandatory detention under 8 U.S.C. § 1225, but they "acknowledge this Court's prior decisions will control the result here if the Court adheres to its prior decisions." ECF No. 10 at 2-3. Respondent does "not oppose the petition and defers to the Court on the appropriate relief." *Id*. at 3. Petitioner filed a traverse on May 13, 2026. ECF No. 12. He contends Courts in this district agree that the proper relief is immediate release. *Id*. at 3.

Under applicable regulations, parole[1] is "terminated upon written notice to the [noncitizen]." 8 C.F.R. § 212.5(e)(2). Additionally, Petitioner was entitled to due process, including written notice, the reasons for the termination, and an opportunity to contest the determination, prior to termination of his release. *Noori v. LaRose*, No. 25-CV-1824-GPC-MSB, 2025 WL 2800149, at *11 (S.D. Cal. Oct. 1, 2025). Petitioner contends, and Respondents do not dispute, that Petitioner was provided no individualized determination, and no opportunity to be heard before he was detained. The Court finds Petitioner's revocation of his release and detention violated his due process rights.

Accordingly, the Court GRANTS the petition for a writ of habeas corpus. Respondents shall immediately release Petitioner under the previously determined conditions. Respondents are enjoined from re-detaining Petitioner without complying with 8 C.F.R. § 212.5 and due process. Petitioner's motion for immediate release is DENIED as moot. The Clerk of Court shall close this matter.

**IT IS SO ORDERED**.

Dated: May 14, 2026

_____
Honorable Benjamin J. Cheeks
United States District Judge

---

[1] Generally, "release on recognizance" during immigration proceedings is "conditional parole." *Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007); *J.S.H.M v. Wofford*, No. 25-CV-01309 JLT SKO, 2025 WL 2938808, at *6 (E.D. Cal. Oct. 16, 2025).

26-cv-2496-BJC-BJW